

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:16cr 62 |
| | ) | |
| v. | ) | |
| | ) | 26 U.S.C. §§ 5841, 5845, 5861(d), 5871 |
| DONOVAN KYLE PETIKA, | ) | Possession of Unregistered |
| | ) | Short-Barreled Shotgun |
| Defendant. | ) | (Count 1) |
| | ) | |
| | ) | 18 U.S.C. §§ 922(g)(3), 924(a)(2) |
| | ) | Unlawful User of a Controlled Substance |
| | ) | in Possession of Firearms |
| | ) | (Count 2) |
| | ) | |
| | ) | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) |
| | ) | Distribution of a Controlled Substance |
| | ) | (Count 3) |
| | ) | |
| | ) | 21 U.S.C. § 853, 18 U.S.C. § 924(d), |
| | ) | 26 U.S.C. § 5872, 28 U.S.C. § 2461 |
| | ) | Criminal Forfeiture |

INDICTMENT

APRIL 2016 TERM – at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

COUNT ONE

On or about January 29, 2016, in Virginia Beach, Virginia, within the Eastern District of Virginia, the defendant, DONOVAN KYLE PETIKA, did knowingly and unlawfully possess a firearm, to wit, a shotgun with a barrel of less than eighteen (18) inches in length, commonly called a "sawed-off shotgun," which was not registered to him in the National Firearms

Registration and Transfer Record, as required by the provisions of Title 26, United States Code, Chapter 53.

(In violation of Title 26, United States Code, Sections 5841, 5845, 5861(d), and 5871).

## COUNT TWO

On or about January 29, 2016, in Virginia Beach, Virginia, within the Eastern District of Virginia, the defendant, DONOVAN KYLE PETIKA, then being an unlawful user of a controlled substance as defined in Title 21, United States Code, Section 802, did knowingly and unlawfully possess in and affecting commerce a firearm and firearms, each of which had been shipped and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).)

## COUNT THREE

On or about January 29, 2016, in Virginia Beach, Virginia, within the Eastern District of Virginia, the defendant, DONOVAN KYLE PETIKA, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).)

## FORFEITURE ALLEGATION

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE TO BELIEVE THAT, AND ALLEGES THAT:

1. The defendant, DONOVAN KYLE PETIKA, if convicted of the violation alleged in Count Three of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

    a. Any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the violation; and

    b. Any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation.

2. The defendant, DONOVAN KYLE PETIKA, if convicted of either of the violations alleged in Counts Two and Three of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunition involved in or used in the violation.

3. The defendant, DONOVAN KYLE PETIKA, if convicted of the violation alleged in Count One of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm involved in the violation.

4. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention

of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

5. The property subject to forfeiture includes, but is not limited to, the following property, which was seized from the defendant on January 29, 2016:

   a. One (1) Marlin 30-30 rifle;

   b. One (1) SKS rifle;

   c. One (1) Smith & Wesson .45 caliber handgun;

   d. One (1) Smith & Wesson 9mm handgun;

   e. One (1) Ruger .357 Magnum handgun;

   f. One (1) Sig Sauer P238 .380 caliber handgun;

   g. One (1) Mossberg 12-gauge shotgun;

   h. One (1) Huglu 12-gauge shotgun; and

   i. One (1) Western Field 20 gauge shotgun.

(In accordance with Title 21, United States Code, Section 853; Title 18, United States Code, Section 924(d); Title 26, United States Code, Section 5872; and Title 28, United States Code, Section 2461.)

UNITED STATES v. DONOVAN KYLE PETIKA,
CRIMINAL NO. 2:16CR62

Sealed Pursuant to the
E-Government Act of 2002

A TRUE BILL

REDACTED COPY

_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Andrew C. Bosse
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number: (757) 441-6331
Facsimile Number: (757) 441-6689
E-Mail Address: andrew.bosse@usdoj.gov